**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARYAM TAHMASEBI;<br>*Petitioner*<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Respondent* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  SA-26-CV-03066-XR |
| S. M. H.,<br>*Petitioner*<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Respondent* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  SA-26-CV-03068-XR |
| SEYED EISSA HASHEMI,<br>*Petitioner*<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Respondent* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  SA-26-CV-03091-XR |

**ORDER CONSOLIDATING CASES AND FOR SERVICE AND BRIEFING**

On this date, the Court considered the status of these related habeas petitions filed by Maryam Tahmasebi, Seyed Eissa Hashemi, and their minor son, S.M.H.

**CONSOLIDATION**

Because these habeas petitions "involve a common question of law or fact," the Court will exercise its discretion to consolidate the actions under the the first-filed case. Fed. R. Civ. P. 42(a); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

The Court hereby **ORDERS** that Case Nos. SA-26-CV-3068-XR and SA-26-CV-3091-XR (the "Member Cases") be **CONSOLIDATED** under the Case No. SA-26-CV-3066-XR (the "Lead Case"). It is **FURTHER ORDERED** that all future filings be filed in the Lead Case.

Given these circumstances, the Member Cases are appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014). The Clerk's Office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** Case Nos. SA-26-CV-3067-XR, SA-26-CV-3068-XR, and SA-26-CV-3091-OLG pending further order of the Court.

**ORDER FOR SERVICE AND BRIEFING**

It is **ORDERED** that notice of electronic filing of the Petitions filed in each case and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

It is **FURTHER ORDERED** that Respondents shall file a consolidated response to the Petitions **within seven (5) days** of the date of service. The response must identify:

(1)   each Petitioner's alleged country of birth;[3]

(2)   each Petitioner's alleged date of entry and statutory basis for removability;

(3)   each Petitioner's previous immigration detention history, if any;[4] and

(4)   each Petitioner's alleged immigration status.[5]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025).

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system.

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether each Petitioner has previously been subject to immigration detention and, if so, the approximate date of each Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

Additionally, because this case appears to turn on whether Petitioners' detention without a bond hearing violates the due process rights afforded to noncitizens who have established a substantial presence in the United States, **Respondents must consider the Court's prior orders addressing this question**[6] **and note any material factual differences** between those cases and this one. If Respondents so choose, in lieu of a full response, they may instead file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases.

It is **FURTHER ORDERED** that, if Petitioners elect to file a reply, Petitioners may do so no later than seven days after the Respondents file their answers/responses.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above-named Petitioners outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer. Nor shall Respondents transfer either Petitioner without simultaneously transferring both Petitioners to the same detention facility.

It is so **ORDERED**.

**SIGNED** this 14th day of May, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[6] *E.g.*, *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026).